1   Michael G. Ackerman, Esq. (SBN 64997)
    Kevin B. Kevorkian, Esq. (SBN 130242)
2   ACKERMAN AND KEVORKIAN
    2391 The Alameda, Suite 100
3   Santa Clara, CA 95050
    Telephone: (408) 261-5800
4
5   Attorneys for Plaintiff, TOM MURPHY dba
    TOTAL SOLUTIONS GROUP
6
7
8                SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
9



10  TOM MURPHY DBA                          )   Case No.  **CV 142783**
    TOTAL SOLUTIONS GROUP,                  )
11                                          )   **COMPLAINT FOR BREACH OF**
              Plaintiff,                    )   **CONTRACT; QUANTUM MERUIT**
12                                          )   **AND FOR VIOLATION OF THE**
        vs.                                 )   **INDEPENDENT WHOLESALES**
13                                          )   **SALES REPRESENTATIVES**
    XPECTRA, and DOES 1-10,                 )   **CONTRACTUAL RELATIONS ACT**
14  inclusive                              )   **(CCP §1738.010 et. seq.)**
                                            )
15            Defendants.                   )   **UNLIMITED JURISDICTION**
16        COMES NOW Plaintiff, Tom Murphy dba Total Solutions Group and alleges as follows:

17        1.      Defendant Xpectra is, and all times herein mentioned was, a corporation duly

18  organized and existing under the laws of the State of Colorado.  Defendant Xpectra was authorized

19  to transact and transacting business in the State of California with its principle place of business at

20  6996 Soquel Avenue, Santa Cruz, California.

21        2.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

22  DOES 1-10, inclusive, therefore sues these Defendants by such fictitious names.  Plaintiff is informed

23  and believes and thereon alleges that each of the fictitiously name Defendants is a party to the

24  contract alleged herein and/or is responsible, in whole or in part, for the conduct complained of.

25  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

26        3.      At all times herein mentioned DOES 1-10, inclusive, were the agents, servants and

27  employees of all other co-defendants and in doing the things hereinafter alleged were acting in the

28

                                        - 1 -
    COMPLAINT FOR BREACH OF CONTRACT; QUANTUM MERUIT & FOR VIOLATION OF THE
    INDEPENDENT WHOLESALES SALES REPRESENTATIVES CONTRACTUAL RELATIONS ACT
                          (CCP §1738.010 et. seq.)

1   course and scope of this agency and employment and with the permission and consent of their co-

2   defendants.

3       4.    Plaintiff is engaged in the business of soliciting wholesale orders for purchase by

4   original equipment manufacturers that manufacture products sold to consumers.   Plaintiff is

5   compensated by the manufacturer or distributor by the payment of commissions.   In or about

6   November of 2001, Plaintiff Tom Murphy entered into an oral agreement with Gary Gentry of

7   Xpectra to represent Xpectra as its wholesale sales representative in Northern California.   Plaintiff

8   Tom Murphy was told by Gentry that Plaintiff would receive a commission on all accounts which he

9   introduced to Xpectra and from which Xpectra received orders.   Defendants agreed to pay Plaintiff

10   a commission of 5% on all orders solicited by Plaintiff.

11       5.    Plaintiff thereafter devoted substantial time and effort to promote Defendants products

12   introducing Xpectra to Pemstar, Nova Controls, Nokia and Coorstek.   Plaintiff is informed and

13   believes and thereon alleges that Defendants have received orders from some or all of said customers

14   resulting from Plaintiff's efforts.   Defendant has breached its oral commission agreement with Plaintiff

15   in that Defendants have failed and refused to pay Plaintiff any commission on goods purchased by said

16   customers or any other customers introduced by Plaintiff.   Plaintiff has fully performed all obligations,

17   conditions and covenants that he was to perform under his oral contract to act as an independent

18   wholesale sales representative for Xpectra.   Defendants have breached the aforementioned oral

19   agreement by failing to pay Plaintiff commissions.   Plaintiff is informed and believes and thereon

20   alleges that the orders total approximately $3 million dollars to date and that Plaintiff is entitled to

21   a commission of 5% of the total sales.   Plaintiff is therefore entitled to commissions in the total sum

22   of $150,000.00 as of the date of this complaint.

23   ## SECOND CAUSE OF ACTION
   ### (Quantum Meruit)

24

25       6.    Plaintiff incorporates and herein by paragraphs 1 through 5 of the first cause of action

set forth above as though fully set forth herein.

26

27       7.    Within the last two years Plaintiff performed services on behalf of Defendant in

soliciting orders on behalf of Defendant.   Defendant knew that these services were being provided

28

COMPLAINT FOR BREACH OF CONTRACT; QUANTUM MERUIT & FOR VIOLATION OF THE
INDEPENDENT WHOLESALES SALES REPRESENTATIVES CONTRACTUAL RELATIONS ACT
(CCP §1738.010 et. seq.)

1    by Plaintiff and that Plaintiff expected to be paid for said services at a commission rate customary in

2    the industry (i.e., 5%).  Defendant accepted Plaintiff's services knowing that said services had a

3    reasonable value of 5% of the total sales achieved by Plaintiff.  The fair and reasonable value of the

4    services provided to Defendant is at least $150,000.00 to be determined by the orders received.  No

5    payment has been made by Defendant to Plaintiff and there is now due and owing the sum of at least

6    $150,000.00.

7                            **THIRD CAUSE OF ACTION**
     **(Violation of Independent Wholesale Sales Representatives Contractual Relations Act)**
8                        **(Civil Code §1738.10 et. seq.)**

9         8.    Plaintiff incorporates herein by reference paragraphs 1 through 5 of the first cause of

10   action set forth above as though fully set forth herein.

11        9.    Plaintiff is an independent wholesale sales representative within the definition of Civil

12   Code §1738.12.  Defendant is a manufacturer within the definition of Civil Code §1738.12.

13        10.   Defendant was engaged in business within the State of California in the County of

14   Santa Cruz manufacturing, distributing and selling plastic products to original equipment

15   manufacturers for resale to consumers.  Plaintiff is not an employee of Defendant.  Plaintiff was

16   engaged to solicit wholesale orders within the State of California with the contemplated method of

17   payment being commissions.

18        11.   Defendant violated Civil Code §1738.13 by failing to provide and failing to enter into

19   a written contract with Plaintiff.  Further, Defendant has violated Civil Code §1738.15 by failing to

20   enter into a written contract as required by the chapter and willfully failing to pay commissions as

21   provided in an oral agreement entered into between the parties.  Plaintiff is therefore entitled to treble

22   damages in an amount to be proven at trial.  Pursuant to Civil Code §1738.16, Plaintiff is also entitled

23   to reasonable attorneys fees and costs in addition to any other recovery.

24        12.   Because of the acts described above, Plaintiff has sustained actual damages in the sum

25   of $150,000.00 which amount is to be trebled pursuant to Civil Code §1738.15.

26   / / /

27   / / /

28
                                        - 3 -
     COMPLAINT FOR BREACH OF CONTRACT; QUANTUM MERUIT & FOR VIOLATION OF THE
     INDEPENDENT WHOLESALES SALES REPRESENTATIVES CONTRACTUAL RELATIONS ACT
                          (CCP §1738.010 et. seq.)

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.     For damages in excess of $150,00.00 and that sum be trebled;

2.     For legal interest from the date of breach;

3.     For cost of suit incurred herein including reasonable attorneys fees; and

4.     For such other and further relief as the Court may deem just and proper under the premises.

DATED: February /8, 2002

ACKERMAN AND KEVORKIAN

By:                              
MICHAEL G. ACKERMAN, ESQ.
Attorneys for Plaintiff, Tom Murphy
DBA Total Solutions Group

C:\My Documents\Murphy\Xpectra\Complaint.wpd

COMPLAINT FOR BREACH OF CONTRACT; QUANTUM MERUIT & FOR VIOLATION OF THE
INDEPENDENT WHOLESALES SALES REPRESENTATIVES CONTRACTUAL RELATIONS ACT
(CCP §1738.010 et. seq.)

1 | DAVID GREEN BASKIN  SB NO. 063853
  | ROBERT J. BUCCIERI  SB NO. 204255
2 | BASKIN & GRANT, LLP
  | 730 Mission Street
3 | Santa Cruz, CA  95060-3615
  | Telephone: (831) 425-8999
4 |
5 | Attorneys for Defendant
  | XPECTRA, INC.
6 |
7 |
8 |

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CRUZ**

| TOM MURPHY DBA | Case No.  CV 142783 |
| TOTAL SOLUTIONS GROUP, | |
| | **NOTICE OF FILING NOTICE OF** |
| Plaintiff, | **REMOVAL** |
| v. | Action filed: February 14, 2002 |
| | Trial Date:    None |
| XPECTRA, INC.  and DOES 1-10, | |
| inclusive, | |
| Defendant. | |

TO: CLERK, SANTA CRUZ COUNTY SUPERIOR COURT:

PLEASE TAKE NOTICE, that defendant XPECTRA, INC. hereby gives notice pursuant to 28 U.S.C. § 1446(d) of its filing a Notice of Removal of the above captioned matter to the United States District Court, Northern District of California. Attached hereto and marked as Exhibit A is a true and correct copy of the entire Notice of Removal.

Dated: March 15, 2002                          BASKIN & GRANT, LLP

                                               By: _____
                                               ROBERT J. BUCCIERI, Attorneys for
                                               Defendant, XPECTRA

-1-

EXHIBIT B  PAGE 1 OF 2

CV 142783
Notice of Removal

## DECLARATION OF SERVICE BY MAIL - CCP 1013a, 2015.5

I declare that:

I am employed in the County of Santa Cruz, California.

I am over the age of eighteen years and not a party to the within cause; my business address is 730 Mission Street, Santa Cruz, CA 95060.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; under such practice, the correspondence identified below will be deposited with the United States Postal Service, at Santa Cruz, California, on the date of this Proof of Service in the ordinary course of business.  On March 15, 2002, I served the within **NOTICE OF REMOVAL** on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, following ordinary business  practices, for deposit in the United States mail addressed as follows:

Michael G. Ackerman, Esq.
Ackerman & Kevorkian
2391 The Alameda, Suite 100
Santa Clara, CA 95050

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 15, 2002, at Santa Cruz, California.

MARTHA HAMILTON

-2-

EXHIBIT __B__ PAGE __2__ OF __2__

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
Xpectra, Inc., And DOES, 1 - 10, inclusive

<div style="border:1px solid">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D

MAR 0 1 2002

CHRISTINE PATTON, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY
</div>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
Tom Murphy dba Total Solutions Group

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
SANTA CRUZ COUNTY SUPERIOR COURT
701 Ocean Street

Santa Cruz, CA 95060

CASE NUMBER *(Número del Caso)*
CV 112 83

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Michael G. Ackerman (SBN 64997)      (408) 261-5900      (408) 261-5800
ACKERMAN AND KEVORKIAN
2391 The Alameda, Suite 100
Santa Clara, CA  95050

CHRISTINE PATTON

DATE:   FEB 1 4 2002                    Clerk, by _____, Deputy
*(Fecha)*                               *(Actuario)*                    *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
          ☐ other:
4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

*(See reverse for Proof of Service)*
SUMMONS

Legal Solutions Plus

CCP 412.20

EXHIBIT C   PAGE ___ OF ___

# PROOF OF SERVICE - SUMMONS
*(Use separate proof of service for each person served)*

1. I served the
   a. [XX] summons [XX] complaint [ ] amended summons [ ] amended complaint
   [ ] completed and blank Case Questionnaires [XX] Other *(specify):* Delay Reduction INfo
   b. on defendant *(name):* Xpectra, Inc.
   c. by serving [ ] defendant [xx] other *(name and title or relationship to person served):*
   Brian Henderson, in charge and authorized to receive
   d. [xx] by delivery [ ] at home [XX] at business
   (1) date: 2-15-02
   (2) time: 3:35PM
   (3) address: 6996 Soquel Avenue (in the rear)
   Santa Cruz CA 95060
   e. [X] by mailing
   (1) date: 02-18-02
   (2) place: Santa Cruz directed to Paul McCoubrey (just to be sure)

2. Manner of service *(check proper box):*
   a. [ ] **Personal service.** By personally delivering copies. (CCP 415.10)
   b. [XX] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. [ ] **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. [ ] Other *(specify code section):*
   [ ] additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [xxx] on behalf of *(specify):* Xpectra, Inc.
   under: [XX] CCP 416.10 (corporation) [ ] CCP 416.60 (minor) [ ] other:
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
   d. [ ] by personal delivery on *(date):*

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $ 75.00
6. Person serving:
   a. [ ] California sheriff, marshal, or constable.
   b. [xxx] Registered California process server.
   c. [ ] Employee or independent contractor of a registered California process server.
   d. [ ] Not a registered California process server.
   e. [XX] Exempt from registration under Bus. & Prof. Code 22350(b).

   Name, address and telephone number and, if applicable, county of registration and number:
   Diana ... M.A., LMFT
   Licensed Private Investigator
   Cal P.I. 010173
   TRI COUNTY LEGAL SERVICES
   Santa Cruz Co. Reg #6
   Box 808 Santa Cruz, CA 95061

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date: 02-21-02 at Santa Cruz CA

   *(SIGNATURE)*

   *(For California sheriff, marshal, or constable use only)*
   I certify that the foregoing is true and correct.
   Date:

   *(SIGNATURE)*

EXHIBIT C — PAGE 2 OF 2

982(a)(9) [Rev. January 1, 1984]

982.2(b)(1)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Michael G. Ackerman (SBN 64997)<br>ACKERMAN AND KEVORKIAN<br>2391 The Alameda, Suite 100<br>Santa Clara, CA  95050<br><br>TELEPHONE NO.: (408) 261-5800   FAX NO.: (408) 261-5900<br>ATTORNEY FOR *(Name):*  Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>FEB 14 2002<br>CHRISTINE PATTON, CLERK<br>BY<br>DEPUTY, SANTA CRUZ COUNTY |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
SANTA CRUZ COUNTY SUPERIOR COURT

CASE NAME:  Total Solutions v. Xpectra, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CV 142783 |
|---|---|---|
| ☐ Limited   ☒ Unlimited | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | ASSIGNED JUDGE: |

*Please complete all five (5) items below.*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights *(e.g., discrimination, false arrest)* (08)
- ☐ Defamation *(e.g., slander, libel)* (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence *(e.g., legal malpractice)* (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)

- ☐ Other employment (15)

**Contract**
- ☒ Breach of contract/warranty (06)
- ☐ Collections *(e.g., money owed, open book accounts)* (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property *(e.g., quiet title)* (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)

- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Claims involving mass tort (40)
- ☐ Securities litigation (28)
- ☐ Toxic tort/Environmental (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination and related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Three

5. This case ☐ is   ☒ is not   a class action suit.

Date: February 13, 2002

Michael G. Ackerman (SBN 64997)
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>982.2(b)(1) [Rev. January 1, 2000] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 982.2, 1800–1812;<br>Standards of Judicial Administration, § 19 |

EXHIBIT ___   PAGE ___ OF ___

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
701 Ocean Street, Room 110
Santa Cruz, CA 95060

# FILED

FEB 14 2002

CHRISTINE PATTON, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: *Tom Murphy*

DEFENDANT: *Xpectra*

DELAY REDUCTION PROGRAM INFORMATION AND SETTING       No. **CV 142783**

THIS CASE IS IN SANTA CRUZ COUNTY'S DELAY REDUCTION PROGRAM. SPECIAL RULES APPLY TO THIS CASE. IT IS THE DUTY OF EACH PARTY TO BE FAMILIAR WITH THE RULES AND THE DATE, TIME AND PLACE OF THE FIRST CASE MANAGEMENT CONFERENCE.

THIS NOTICE MUST BE SERVED WITH THE SUMMONS ON ALL DEFENDANTS AND CROSS-DEFENDANTS. NOTICE OF ANY OTHER PENDING CASE MANAGEMENT CONFERENCE MUST BE SERVED ON SUBSEQUENTLY NAMED DEFENDANTS AND CROSS-DEFENDANTS.

ATTENTION DEFENDANT: YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT. THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE. SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

The first Case Management Conference hearing date is set on

Date: *6/11/02*      Time: *8:30 AM*      Department No: *8*

*Telephonic court appearances are provided through CourtCall to the court. To make arrangements to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall, DO NOT CALL THE COURT, at (310) 572-4670 or (888) 882-6878 at lease five (5) court days prior to the hearing.*

NOTICE:   At least five calendar days before the Case Management Conference, each party must file with the court and serve on all other parties a Case Management Conference Statement (see local rules for content requirements.)

SUPCV 1010 (Rev. 7/01)

EXHIBIT *E* PAGE *1* OF *1*